Mr. Hillis. Mr. Hillis, you're up. I please the court, counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office and I represent Karvis Carter. He raises one issue on appeal and that is the district court's erroneous imposition of the six-level enhancement for assaulting a police officer that was imposed under 3A 1.2c1. For the enhancement to apply, there has to be conduct that created a substantial risk of serious bodily injury to the officer. Here, there was a high-speed chase but there were no injuries from that. The injuries to the officers occurred during the post-chase arrest. The judge said the enhancement's applicability. But the PSR didn't apply the enhancement based on the chase. But didn't he punch the officer? There was testimony that he did. The one officer didn't testify. How much does he weigh? I'm not certain, Your Honor. I think he weighs more than 200 pounds. He may. You could get punched by someone who weighs 200 pounds. In the head? You could be killed. You can, depending on the strength of the blow. I'm sorry. I don't think that's correct. You don't have to be an athlete. If you have 200 pounds behind your punch, you can do a lot of harm. I don't disagree, Your Honor. My point is only that of the two officers, the one who received one of the punches wasn't there. Remember what the test is. The test is, is this the sort of thing that could cause a serious injury? Yes. And if a 200 plus pounder swings at you and hits you, that can do serious injury. Yes. Didn't in this case. Yes. But it can. Isn't that enough? In the abstract, it may, Your Honor, but... Well, no. Isn't that the rule? That if it can cause, you know, if there's some probability that could cause serious injury, then you get the enhancement. Your Honor, the text says about the risk, so yes, I agree with that. But I think that looking at what the district court found is the problem here, because there are inconsistencies between what her findings were and the basis for the imposition of the enhancement. She said that the scuffle did not result in any injuries, and yet she imposed the PSR. Yes, but that's the distinction I'm trying to emphasize between actual harm inflicted and potential harm. Yes. And I think the weight of the puncher is critical. The judge said she didn't think, though, that the struggle warranted the 6th level enhancement. That is an inconsistency between the decision to impose the enhancement and the reasoning behind it. Well, that was part of her reasoning, in essence, that she thought the car chase was much worse, and that got two points. And this is one of those oddities in the guidelines. So she wound up saying, look, yeah, the six points apply, and I'm going to take all this into account under 3553A, and she winds up giving the guy acceptance and a below-guideline sentence. This is a guy who caught a lot of breaks from Judge Pallmeyer. He did. And he's appealing the punch finding. Yes. Okay. He did. And we work with what we have in this case. I understand. Okay. And the reasoning was murky, if not inconsistent altogether. I'm trying to imagine what another judge might do if we sent it back to another judge, and I don't think that would probably do Mr. Carter a lot of good. I don't want to encourage any imagination by judges in this topic, but I will ask that the language of the enhancement and the reasoning of the judge be considered here. That is the basis for the appeal. I understand that things could have gone worse for Mr. Carter, but the enhancement was not, in our view, correctly applied in light of the reasoning given by the judge. Due to that inconsistency, due to the inconsistent findings, we think that this case should be remanded for resentency. Thank you. Okay. Thank you very much, Mr. Hillis. Mr. McCroby? May it please the Court, my name is Matt McCroby on behalf of the United States. In this case, the district court did make the necessary findings to support the sixth-level enhancement. The court found that Defendant Carter punched the officers in the head during the arrest, and that that conduct posed a substantial risk of serious bodily injury. Accordingly, the judge correctly applied the enhancement after weighing all the evidence, including the testimony of one of the arresting officers, testimony of the defendant, photographs of the officers' injuries, and audio recordings of the radio dispatch traffic surrounding the incident. Unless the Court has any questions, I believe the district court correctly applied the sixth-level enhancement, and I'll conclude by asking this Court to affirm the sentence. Okay. Thank you, Mr. McCroby. Mr. Hillis, do you have anything further? Just to emphasize that we don't dispute the seriousness of a thrown punch, but we emphasize the inconsistencies of the findings. We still think that that warrants the remand that we've requested. We ask the Court to remand. Thank you. Okay. Thank you, Mr. Hillis.